# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff/Respondent,<br>　v.<br><br>ARTURO TORRES-CASTILLO,<br><br>　　　　Defendant/Petitioner. | CIVIL CASE NO. 09-1099 WQH<br>CRIM CASE NO. 05-0583 WQH<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 [Doc. No. 87] and Motion for Default Judgment *pro se* Petitioner Arturo Torres-Castillo [Doc. No. 105].

## FACTS

In February 2005, Petitioner, a Mexican citizen with a previous deportation from the United States, was found, along with two other individuals, in the trunk of a car at the Otay Mesa Port of Entry into the United States. On October 12, 2005, Petitioner was indicted in a superseding indictment under 8 U.S.C. § 1326 for attempted entry after deportation. [Doc. No. 22.] After a jury trial, Petitioner was found guilty of the charge in the superseding indictment. [Doc. No. 42.] On September 5, 2006, the Court held a sentencing hearing at which the Court

1  found that the total offense level was 22, and Petitioner fell in Criminal History Category VI,
2  for an advisory sentencing guidelines range of 84 to 105 months in custody.  (*See* Tr. Sept. 5,
3  2006 at 484-85.) The Court sentenced Petitioner to 84 months in custody, to be followed by
4  three years of supervised release. [Doc. No. 61.]

5  Petitioner appealed.  [Doc. No. 62.] In an unpublished memorandum decision dated
6  November 1, 2007, the Ninth Circuit affirmed Petitioner's conviction and sentence.  (Resp't
7  Mem. of P. & A., Ex. 3.) On February 15, 2008, the Ninth Circuit denied Petitioner's Petition
8  for Rehearing and Petition for Rehearing En Banc. [Doc. No. 79.]

9  On May 14, 2009, Petitioner moved the Court to vacate, set aside, or correct his
10 sentence pursuant to 28 U.S.C. § 2255. [Doc. No. 87.] Petitioner filed a separate Memorandum
11 of Fact and Law in support of his Petition on August 13, 2009. [Doc. No. 93.] Petitioner
12 thereafter filed an Amended Memorandum of Points and Authorities on December 21, 2009.
13 [Doc. No. 99.]  Respondent filed a Response in Opposition on February 2, 2010. [Doc. No.
14 101.] Petitioner filed a Traverse on February 22, 2010. [Doc. No. 103.]  On March 2, 2010,
15 Petitioner filed the pending Motion for Default Judgment. [Doc. No. 105.]

**LEGAL STANDARD**

17 A sentencing court is authorized to "vacate, set aside or correct the sentence" of a
18 federal prisoner if it concludes that "the sentence was imposed in violation of the Constitution
19 or laws of the United States." 28 U.S.C. § 2255(a).  Claims for relief under § 2255 must be
20 based on constitutional error, jurisdictional defect, or an error resulting in a "complete
21 miscarriage of justice" or "inconsistent with the rudimentary demands of fair procedure."
22 *United States v. Timmreck*, 441 U.S. 780, 783 (1979).  The scope of collateral attack is more
23 limited than on direct appeal.  *United States v. Addonizio*, 442 U.S. 178, 184-85 (1979).

24 If the record clearly indicates that a petitioner does not have a claim or that a petitioner
25 has asserted "no more than allegations unsupported by the facts or refuted by the record," a
26 district court can deny a § 2255 motion without holding an evidentiary hearing. *See United*
27 *States v. Quan*, 789 F.2d 711 (715 (9th Cir. 1986).

28

## DISCUSSION

Petitioner seeks to have his sentence corrected on the basis that he received ineffective assistance of counsel. Specifically, Petitioner offers two grounds in support of his ineffective assistance of counsel claim against trial counsel Bader: (1) counsel was ineffective for failing to look into a 60 month plea offer by the Government and/or advise movant to plead guilty with or without a plea agreement and; and (2) counsel was ineffective for advising Petitioner to proceed to a trial impossible to win. (Pet. Am. Mem. of P. & A. 2.)

"It has long been recognized that the right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). To succeed on an ineffective assistance of counsel claim, Petitioner must make two showings. First, he must demonstrate that "counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Then, Petitioner must show that his counsel's deficient performance "prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial." *Id.* A court may deny a claim if it determines either counsel's performance was not deficient or that counsel's performance did not prejudice the defense. *Id.* at 700. "Review of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation." *United States v. Ferreira-Alameda*, 815 F.2d 1251, 1253 (9th Cir. 1986) (citations omitted).

In *Turner v. Calderon*, 281 F.3d 851, 879 (9th Cir. 2002), the Court of Appeals for the Ninth Circuit stated: "The Sixth Amendment guarantees criminal defendants the constitutional right to be represented by counsel at all critical stages of the prosecution, including the plea proceedings. We have held that the decision to reject a plea bargain offer and plead not guilty is also a vitally important decision and a critical stage at which the right to effective assistance of counsel attaches. Thus, *Strickland*'s two-prong test applies to ineffectiveness claims arising from the plea process." *Id.* at 879 (quotations and citations omitted). As a result, Petitioner must satisfy the two-prong *Strickland* standard in order to succeed on his claims that his

1  counsel was ineffective in failing to advise him properly at the plea proceeding.

2        The record in this case conclusively shows that the Government's plea offer to Petitioner expired on October 11, 2005, two days before Petitioner's third counsel was appointed, and ten days before Bader made her first appearance in the case. (*See* Tr. October 6, 2005 at 59-60.) Petitioner makes no allegations with respect to the first two attorneys assigned to represent him. Given this evidence that the plea offer was unavailable at the time of the third counsel's appointment, Petitioner cannot satisfy either prong of the *Strickland* standard with respect to his claim that counsel was ineffective for failing to investigate the offer. "A defendant does not have a constitutional right to a plea bargain." *King v. Brown*, 8 F.3d 1403, 1408 (9th Cir. 1993) (citation omitted). "The government is under no obligation to reoffer an agreement that was previously rejected." *Id.* (citation omitted). Defendant has not identified any material, specific errors or omissions that fall outside the wide range of professionally competent assistance relating to the plea offer.

      In order to show that counsel's representations fell below an objective standard of reasonableness, Defendant must identify "material, specific errors and omissions that fall outside the wide range of professionally competent assistance." *United States v. Molina*, 934 F.2d 1440, 1447 (9th Cir. 1991) (citation omitted). Petitioner's claim that counsel was ineffective for advising him to go to trial because his case was "impossible to win"is a conclusory allegation unsupported by specific facts, and thus does not merit habeas relief. Defendant has the burden to show that his attorney failed to properly inform him of the risks and benefits of proceeding to trial. *See Hill v. Lockhart*, 474 U.S. 52, 57 (1985). "Counsel cannot be required to accurately predict what the jury or court might find, but he can be required to give the defendant the tools he needs to make an intelligent decision." *Turner*, 281 F.3d at 881; *see also Iaea,* 800 F.2d at 865. ("[C]ounsel have a duty to supply criminal defendants with necessary and accurate information. Though, a mere inaccurate prediction, standing alone, would not constitute ineffective assistance."). There are no specific facts asserted which support an ineffective assistance of counsel against trial counsel. The Ninth Circuit has determined that "[c]onclusory allegations which are not supported by a statement

of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) (citation omitted). The Court finds that Petitioner has failed to overcome the "strong presumption that counsel's conduct fell within the wide range of reasonable representation." *Ferreira-Alameda*, 815 F.2d at 1253.

"Where a section 2255 motion is based on alleged occurrences outside the record, no hearing is required if the allegations, viewed against the record, either fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir. 1989) (citations omitted). There are no material facts in dispute in this case. The record conclusively shows that the Petitioner has failed to state a claim for ineffective assistance of counsel. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is denied.

## II.    Motion for Default Judgment

Petitioner has filed a Motion for Judgment by Default, arguing that he is entitled to such judgment because of the Government's failure to respond to the Court's Order to Show Cause within the deadlines set out in the briefing schedule issued by the Court. [Doc. No. 105.] However, the Court previously granted the Government's Motion for Extension of Time to File Response. [*See* Doc. No. 102.] Because the Government had permission of the Court to file its response late, the Court **DENIES** Petitioner's Motion for Default Judgment.

## CONCLUSION

IT IS HEREBY ORDERED that Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 (Doc. #87) is denied and the Motion for Default Judgment (Doc # 105) is denied.

DATED: August 2, 2010

                                               **WILLIAM Q. HAYES**
                                               United States District Judge